IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| **RYAN CARABOOLAD,** individually, and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**SUN TAN CITY, LLC,** a Kentucky company,<br><br>*Defendant.* | Case No. 3:18-02699-JMC<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

**CLASS ACTION COMPLAINT**

Plaintiff Ryan Caraboolad ("Caraboolad" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendant Sun Tan City, LLC ("Sun Tan City" or "Defendant") to stop Sun Tan City from violating the Telephone Consumer Protection Act by sending unsolicited, autodialed text messages to consumers without their consent, including texts to consumers registered on the National Do Not Call registry, and to obtain other injunctive and monetary relief for all persons injured by Sun Tan City's conduct. Plaintiff, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

**INTRODUCTION**

1. Sun Tan City is a chain of sun tanning salons that are located throughout the United States with over 250 retail locations.[1]

---

[1] https://www.suntancity.com/tanning-salon-locations/

2. In order to sustain its significant size, Sun Tan City utilizes many marketing methods, including internet marketing and text message telemarketing.

3. Sun Tan City uses an autodialer to send bulk solicitation text messages to consumers, even when it does not have consent to send such text messages. In Plaintiff's case, Sun Tan City sent 10 unsolicited, autodialed text messages to his cellular phone, despite Plaintiff having his phone number registered with the National Do Not Call registry to prevent such calls.

4. In response to these texts, Plaintiff files this lawsuit seeking injunctive relief, requiring Defendant to cease from sending unsolicited text messages to consumers' cellular telephone numbers using an automatic telephone dialing system without consent and otherwise texting telephone numbers registered on the National Do Not Call Registry ("DNC"), as well as an award of statutory damages to the members of the Classes and costs.

**PARTIES**

5. Plaintiff Caraboolad is a Columbia, South Carolina resident.

6. Defendant Sun Tan City is a Kentucky limited liability company headquartered in Elizabethtown, Kentucky. Defendant conducts business throughout this District, the State of Kentucky, and throughout the United States.

**JURISDICTION, VENUE AND DIVISION**

7. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

8. This Court has personal jurisdiction over Defendant and venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant does significant business in this District and the state of South Carolina, and because the wrongful conduct giving rise to this case

2

occurred in this District. Venue is additionally proper because Plaintiff resides in this District and the calls were directed towards Plaintiff in this District.

9. The case should be assigned to the Columbia Division where the Defendant does business, the Plaintiff lives and the acts occurred.

## COMMON ALLEGATIONS

**Sun Tan City Markets its Services by Sending Autodialed Text Messages to Consumers' Cellular Phone Numbers Without Consent and Regardless of Whether They Are Registered on the National Do Not Call Registry**

10. Put simply, text message marketing is successful since they typically have an open rate of 99% compared to email marketing which has an open rate of around 20%.[2] However, many marketers have abused this medium by sending text messages to consumers who have not given their proper consent to receive these text messages on their personal cell phones.

11. As explained by the Federal Communications Commission ("FCC") in its 2012 order, the TCPA requires "*prior express written consent* for all autodialed or prerecorded [solicitation] calls to wireless numbers and residential lines." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG No. 02-278, FCC 12-21, 27 FCC Rcd. 1830 ¶ 2 (Feb. 15, 2012).

12. Yet in violation of this rule, Defendant fails to obtain any express written consent prior to sending autodialed solicitation text messages to cellular telephone numbers such as Plaintiff's.

13. In sending the unsolicited text messages at issue, Defendant, or a third party acting on its behalf, used an automatic telephone dialing system; hardware and/or software with the capacity to store or produce cellular telephone number to be called, using a random or

---

[2] https://www.twilio.com/learn/call-and-text-marketing/the-marketers-guide-to-text-messaging
and https://blog.wishpond.com/post/115675436246/sms-message-marketing-campaigns

3

sequential number generator. This is evident from the circumstances surrounding the text messages, including the ability to trigger an automated response by replying "STOP," the text messages' commercial and generic content, that substantively identical texts were sent to multiple recipients, and that they were sent from a short code, which is consistent with the use of an automatic telephone dialing system to send text messages.

14. Sun Tan City expressly states in various contexts that it contacts consumers using an autodialer. For example, Sun Tan City on its webpage, disclaims that if a consumer provides their phone number to sign up online for texts and emails, "you consent to receive text messages possibly sent through an **automatic telephone dialing system**." (emphasis added).[3]

15. In addition, in the SMS Terms and Conditions posted on the Sun Tan City website, Sun Tan City again states that "Texts may be sent using an automatic telephone dialing system."[4]

16. Sun Tan City owns/operates and/or utilizes the shortcode 71976:

**SMS TERMS AND CONDITIONS**
This SMS Terms and Conditions page describes our mobile program and available codes.

**Sun Tan City Promo Alerts**
Text JOIN to 71976 to join Sun Tan City Promo Alerts. 2 msgs/mo. **Msg&Data Rates May Apply.**

Texts may be sent using an automatic telephone dialing system. Consent to receive marketing text messages is not required as a condition of purchasing any goods or services.

**STOP Information**
Text STOP to 71976 to stop receiving Sun Tan City Promo Alert messages from Sun Tan City.

**HELP Information**
For additional information, text HELP to 71976 or contact DepartmentCSManagementStaff@suntancity.com or call 270-765-7400.

[5]

## PLAINTIFF'S ALLEGATIONS

**Sun Tan City Agents Repeatedly Called Plaintiff's Cell Phone Number Without Plaintiff's Consent, Despite Plaintiff Registering His Phone Number on the DNC**

---

[3] https://www.suntancity.com/411-club-sign-up/
[4] https://www.suntancity.com/sms-terms-and-conditions/
[5] https://www.suntancity.com/sms-terms-and-conditions/

4

17. On February 3, 2007, Plaintiff registered his cellular telephone number on the National Do Not Call Registry.

18. On January 2, 2018 at 12:45 pm, Plaintiff received an unsolicited, autodialed text message from Defendant to his cellular phone using shortcode 719-76:

> Tue, Jan 2, 12:45 PM
>
> SunTanCity: Slay the new year! Get tan in 2018 with our Tour of the City deal! 5 Tans, plus Spray Tan, only $4.99! Details: http://po.st/7m2S8S STOP=Cancel

19. Plaintiff received additional unsolicited, autodialed text messages from Defendant using shortcode 719-76 on:

**January 17, 2018 at 12:05 pm** – "SunTanCity: Here's the deal, only $4.99 to try every level of sunbed, plus spray tan, with our Tour of the City! Details: http://po.st/dmWRvn STOP=Cancel"

**February 5, 2018 at 12:47 pm** – "SunTanCity: The Best Week of the Year is here, FREE Tan Week! Free Tans + Next Level Upgrades for Members & More! Details >>http://po.st/j4zOpj STOP=Cancel"

**March 5, 2018 at 11:47 am** – "SunTanCity: Tan Lines Optional during FREE Spray Tan Week! Today through March 11th, FREE Regular Spray Tans & More! Details http://po.st/byOj8n STOP=Cancel"

**March 16, 2018 at 11:47 am** – "SunTanCity: Get Tan in an instant! $5* Any Spray Tan or Sunbed! Combine to Double Dip. Ends Sunday. http://po.st/QK7wga STOP=Cancel"

**April 3, 2018 at 11:46 am** – "Sun Tan City: Vicki's Birthday Bash is Back & You're Invited! Tan all year for just $10* a month! Get Details: http://po.st/jMkGtm STOP=Cancel"

**June 4, 2018 at 12:18 pm** – "SunTanCity: Tan for only 99 Cents! Get Fast Level Visits, Next Level Member Upgrades & more now until June 17! Get Details: http://po.st[unknown] STOP=Cancel"

**June 25, 2018** – "SunTanCity: 50% Off Sale! Get 50% Off Any Spray Tan, Any Sunbed, Double Dip & More! Now until June 30! Get Details: http://po.st/JV6wDO STOP=Cancel"

**July 23, 2018** – "SunTanCity: Get Vaca Ready with our "Tan for 99 Cent Sale!" 99 Cent Fast Level Tans, Next Level Member Upgrades & More! Info: http://po.st/7F5ePi STOP=Cancel"

**August 5, 2018** - "SunTanCity: It's your time to shine with $5 Any Spray Tan or Sunbed visits! Add extra color with a $10 Double Dip! Get info: http://po.st/Gsnzg1 STOP=Cancel"

20. Tired of all the unsolicited, unwanted autodialed text messages he was receiving on his cellular phone, Plaintiff replied "Stop" on August 5, 2018 and received an immediate response: "Bummer! We're so sorry to see you go. You are now opted-out & will receive no further text messages from Sun Tan City. For more information call 270-765-7400[.]"

21. Plaintiff does not have a relationship with Sun Tan City or any of its affiliated companies, nor has he ever requested that Sun Tan City text him or consent to any contact from Defendant.

22. Simply put, Sun Tan City did not obtain Plaintiff's prior express written consent to send solicitation text messages to him on his cellular telephone using an autodialer.

23. The unauthorized text messages sent by Sun Tan City, as alleged herein, have harmed Plaintiff in the form of annoyance, nuisance, and invasion of privacy, and disturbed Caraboolad's use and enjoyment of his phone, in addition to the wear and tear on the phones' hardware (including the phones' battery) and the consumption of memory on the phone.

24. Seeking redress for these injuries, Caraboolad, on behalf of himself and Classes of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47

6

U.S.C. § 227, *et seq.*, which prohibits unsolicited autodialed telephone calls to cellular telephones and unsolicited calls to telephone numbers registered on the DNC.

## CLASS ALLEGATIONS

**Class Treatment Is Appropriate for Plaintiff's TCPA Claims Arising From Calls Made by Sun Tan City Agents**

25.     Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and all others similarly situated and seeks certification of the following two Classes:

> **Autodialed No Consent Class:** All persons in the United States who from four years prior to the filing of this action through the present (1) Defendant (or an agent acting on behalf of Defendant) called/texted, (2) on the person's cellular telephone, (3) using an autodialer, and (4) for whom Defendant claims (a) it obtained prior express written consent in the same manner as Defendant claims it obtained prior express written consent to call Plaintiff, or (b) Defendant did not obtain prior express written consent.
>
> **Do Not Call Registry Class**: All persons in the United States who from four years prior to the filing of this action (1) Defendant (or an agent acting on behalf of Defendant) called/texted more than one time on his/her cellular telephone; (2) within any 12-month period (3) where the cellular telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of selling Defendant's products and services; and (5) for whom Defendant claims (a) it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to call/text the Plaintiff, or (b) Defendant did not obtain prior express written consent.

26.     The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated

and/or released. Plaintiff anticipates the need to amend the Class definitions following appropriate discovery.

27. **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable.

28. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

   (a) whether Defendant utilized an automatic telephone dialing system to send its text messages to Plaintiff and the members of the Classes;

   (b) whether Defendant systematically sent text messages to Plaintiff and consumers whose telephone numbers were registered with the National Do Not Call Registry;

   (c) whether Defendant sent autodialed text messages to Plaintiff and members of the Classes without first obtaining prior express written consent to send the texts;

   (d) whether Defendant's conduct constitutes a violation of the TCPA; and

   (e) whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

29. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest averse to the Classes.

30. **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Classes and as a

whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as wholes, not on facts or law applicable only to Plaintiffs. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Autodialed No Consent Class)**

31. Plaintiff repeats and realleges paragraphs 1 through 29 of this Complaint and incorporates them by reference herein.

32. Defendant and/or its agents sent unwanted solicitation text messages to cellular telephone numbers belonging to Plaintiff and the other members of the Autodialed No Consent Class using an autodialer.

33. These solicitation text messages were sent *en masse* without the consent of the Plaintiff and the other members of the Autodialed No Consent Class to receive such solicitation text messages.

34. Defendant did not have consent from the Plaintiff orally or in writing to text him.

9

35.     Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff and the other members of the Autodialed No Consent Class are each entitled to, under 47 U.S.C. § 227(b)(3)(B), a minimum of $500.00 in damages for each violation of such act.

36.     In the event that the Court determines that Defendant's conduct was wilful and knowing, it may, under 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Autodialed No Consent Class.

**SECOND CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Caraboolad and the Do Not Call Registry Class)**

37.     Plaintiff repeats and realleges the paragraphs 1 through 29 of this Complaint and incorporates them by reference herein.

38.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

39.     47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."[6]

40.     47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or

---

[6] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

41. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

42. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

43. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one text message in a 12-month period sent by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, *inter alia*, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

44. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

11

a) An order certifying the Classes as defined above; appointing Plaintiff as the representative of the Classes; and appointing his attorneys as Class Counsel;

b) An award of actual and/or statutory damages to be paid into a common fund for the benefit of Plaintiff and the Classes;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) A declaratory judgment that Defendant's telephone calling equipment constitutes an automatic telephone dialing system under the TCPA;

e) An order requiring Defendant to disgorge any ill-gotten funds acquired as a result of their unlawful telephone calling practices;

f) An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Classes; and

g) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial.

Respectfully Submitted,

**RYAN CARABOOLAD**, individually and on behalf of those similarly situated individuals

Dated: October 3, 2018     By:   /s/ *C. Tyson Nettles*

C. Tyson Nettles (#9569)
PO Box 22007
Charleston, SC 29407
tyson@tysonnettleslaw.com
Telephone: (843) 278-8416

12

Stefan Coleman*
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, P.A.
1072 Madison Ave. #1
Lakewood, NJ 08701
Telephone: (877) 333-9427
Facsimile: (888) 498-8946

*Attorney for Plaintiff and the putative Classes*

*\*Pro Hac Vice motion forthcoming*